## HOME TITLE GUARANTY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20631. Promulgated November 16, 1950.

*Hugh Satterlee, Esq.*, for the petitioner.
*Ellyne E. Strickland, Esq.*, for the respondent.

638

## OPINION.

BLACK, *Judge:* The sole issue in this proceeding is whether the respondent, in computing the premiums earned by petitioner in 1945, erred in determining that the portion of petitioner's reinsurance reserve which prior to June 1, 1945, was carried in its premium reserve did not constitute unearned premiums on December 31, 1945, within the meaning of section 204 (b) (5) of the Internal Revenue Code.[1]

---

[1] SEC. 204. INSURANCE COMPANIES OTHER THAN LIFE OR MUTUAL.

       \*         \*         \*         \*         \*         \*         \*

(b) DEFINITION OF INCOME, ETC.—In the case of an insurance company subject to the tax imposed by this section—

       \*         \*         \*         -               \*         \*

(5) PREMIUMS EARNED.—"Premiums earned on insurance contracts during the taxable year" means an amount computed as follows :

From the amount of gross premiums written on insurance contracts during the taxable year, deduct return premiums and premiums paid for reinsurance. To the result so obtained add unearned premiums on outstanding business at the end of the preceding taxable year and deduct unearned premiums on outstanding business at the end of the taxable year. For the purposes of this subsection, unearned premiums shall include life insurance reserves, as defined in section 201 (c) (2), pertaining to the life, burial, or funeral insurance, or annuity business of an insurance company subject to the tax imposed by this section and not qualifying as a life insurance company under section 201 (b) ;

Under section 434 of the New York Insurance Law (prior to its amendment by chapter 635 of the Law of 1945) which is printed in part in the margin,[2] petitioner was required to and did establish a premium reserve. This reserve was a "solvency reserve" and did not constitute unearned premiums under section 204 (b) (5) because it was not known whether those funds would ever be released and become "free assets." *City Title Insurance Co.* v. *Commissioner*, 152 Fed. (2d) 859. In conformity with this holding petitioner has never claimed a deduction for the amounts added to its reserve under this statute and, therefore, the full amount of the premiums was included in gross income.

In 1945, section 343 of the New York Insurance Law was amended by chapter 635 of the Laws of New York. The pertinent provisions of section 434, as amended, are printed in the margin.[3]

[2] § 434. Reserves.

1. Every title insurance corporation heretofore or hereafter organized and doing a title insurance business under this article shall set up, accumulate and maintain a premium reserve as follows:

a. During the first ten years of its doing business after June first, nineteen hundred thirty-eight, it shall set up, accumulate and maintain a reserve at the end of each calendar month at least equal to three percent of the total gross fees and premiums received by it during the next preceding calendar month for title insurance, examinations or searches of title, and for abstracts of title written, issued or performed, as the case may be. after June first, nineteen hundred thirty-eight; and at the end of every such calendar month the amount so required to be accumulated shall be charged as a reserve liability of such corporation in determining its financial condition.

b. After the expiration of the said first ten years and in lieu of the reserve required by the preceding paragraph (a), every such corporation shall thereafter set up and maintain a similar reserve of three per cent of the total of said gross fees and premiums received during the one hundred twenty immediately preceding calendar months; and at the end of every such calendar month thereafter the amount so required to be accumulated shall be charged as a reserve liability of such corporation in determining its financial condition.

[3] § 434. Reserves.

1. Every title insurance corporation organized and doing an insurance business under this article shall establish, segregate and maintain a reinsurance reserve during the period and for the uses and purposes hereinafter provided which shall at all times and for all purposes be deemed and shall constitute unearned portions of the original premiums and shall be charged as a reserve liability of such corporation in determining its financial condition; such reserve shall be cumulative and shall be established and shall consist of the following;

a. the reserve required to be established by such corporations up to May thirty-first, nineteen hundred forty-five pursuant to paragraph (a) of subsection one of section four hundred thirty-four of chapter twenty-eight of the consolidated laws as enacted by chapter eight hundred eighty-two of the laws of nineteen hundred thirty-nine; and

b. beginning June first nineteen hundred forty-five (1) one dollar fifty cents for each risk assumed under a binder or policy of insurance or any certificate or agreement issued under either of them, plus one-eightieth of one per cent of the face amount of insurance effected thereby; and (2) three percent of the gross fees and premiums received by it for guaranteed certificates of title, guaranteed searches and guaranteed abstracts of title not included in (1) of this paragraph.

c. after June first, nineteen hundred fifty-three for corporations heretofore organized, and after the expiration of one hundred eighty months from the date of beginning business for any corporation hereafter organized, that portion of the reinsurance reserve established more than one hundred eighty months prior shall be released and shall no longer constitute part of the reinsurance reserve and may be used for any corporate purpose.

\* \* \* \* \* \* \*

4. The reinsurance reserve required by subsection one of this section shall be set apart and maintained by such corporation in a segregated reserve fund, as follows:

\* \* \* \* \* \* \*

In determining its premiums earned for 1945, petitioner deducted from gross premiums the full amount of its reinsurance reserve of December 31, 1945, which it had established in accordance with section 434 of the New York Insurance Law, as amended.[4]  Petitioner contends that this amount constituted unearned premiums within the meaning of section 204 (b) (5) of the Internal Revenue Code.  Respondent disallowed the portion of the reserve which comes under section 434 (1) (a) of the New York Insurance Law as amended in 1945.

Respondent does not argue that any part of the reserve should be treated as unearned premiums on outstanding business at the end of the preceding year, as no part of the reserve at that time constituted unearned premiums.  *City Title Insurance Co.* v. *Commissioner*, *supra; Early* v. *Lawyers Title Insurance Corp.*, 132 Fed. (2d) 42. Respondent's sole argument herein (relying on I. T. 3798, 1946-1 C. B. 127) is that only that portion of the reserve under section 434 (1) (b) of the New York Insurance Law, as amended, constitutes unearned premiums, and that the portion of the reserve under section 434 (1) (a) represents a mere solvency reserve which is not unearned premiums within the meaning of section 204 (b) (5) of the Internal Revenue Code.

It is true that the premium reserve established by petitioner prior to June 1, 1945, did not constitute unearned premiums but it was specifically made so after that date by the provisions of section 434 (1) (a) of the New York Amended Act.  The Court of Appeals for the Second Circuit in considering the original New York statute said this of the 1945 amendment: "This amendment obviously is far more than 'declaratory.'  It represents a marked change, is strikingly different from the statutory provision now before us."

We are convinced that the amended statute confers upon the entire reinsurance reserve existing on December 31, 1945, a status of unearned premiums under section 204 (b) (5), I. R. C., and no part of this reserve had such status at the end of the preceding year.  *Early* v. *Lawyers Title Insurance Corp.*, *supra.*  The amended statute re-

---

5. The funds constituting the reinsurance reserve required by subsection one of this section shall be held in cash or invested only in the classes of securities or types of investments specified in paragraphs (a) and (b) of section seventy-nine, except that such reinsurance reserve fund to the extent of the reserve required by paragraph (a) of subsection one of this section may until June first, nineteen hundred forty-eight be invested in the classes of securities or types of investments specified under paragraph (d) of section seventy-nine, and the superintendent may, in his discretion, extend such time, as to any such corporation, for a further period or periods, not exceeding in the aggregate five years.

 \*       \*       \*       \*       \*       \*       \*

7. The said reinsurance reserve fund required to be established, segregated and maintained, pursuant to subsection four of this section shall constitute a separate and distinct trust fund for the security of holders of policies, guaranteed certificates of title, guaranteed searches and guaranteed abstracts of title of the corporation as hereinafter provided.

4 At the hearing it was stipulated that there was a small error in the calculation of the reserve which error was agreed to be corrected in a recomputation under Rule 50.

quired a funded, segregated reserve and after a prescribed period of 180 months it will be released for general corporate purposes at which time it will be taxed as income. *Early* v. *Lawyers Title Insurance Corp., supra; Title & Trust Co.,* 15 T. C. 510. Cf. *City Title Insurance Co.* v. *Commissioner, supra.*

*Title & Trust Co., supra,* we think is controlling here. In that case the taxpayer, Title & Trust Company, complying with the directive of the Oregon Insurance Commissioner issued pursuant to Oregon statutes, segregated from its 1945 premium income an amount equal to 3 per cent of its total premiums received on title insurance policies issued during the calendar years 1942, 1943, 1944, and 1945. This amount was deemed by the directive to constitute unearned premiums and was set up on taxpayer's books as a reserve as of December 31, 1945. The directive further required taxpayer to add to the reserve monthly thereafter an amount equal to three per cent of its premium income. At the end of 180 months from January 1, 1942, such portion of the reserve as had been maintained for more than 180 months was to be released for general corporate purposes. On these facts as enumerated above, we held, following *Early* v. *Lawyers Title Insurance Corp., supra,* that the taxpayer properly excluded as "unearned premiums" from its 1945 premium income the amount of the reserve set up as of December 31, 1945.

We can see no distinction in principle in the law and the facts which govern in the instant case from those which were present in *Title & Trust Co., supra.* Therefore, following that case, we decide the issue here involved in favor of petitioner.

*Decision will be entered under Rule 50.*