City Title Insurance Company v. Commissioner.
City Title Ins. Co. v. Commissioner
Docket No. 49775.
United States Tax Court
T.C. Memo 1955-233; 1955 Tax Ct. Memo LEXIS 107; 14 T.C.M. (CCH) 939; T.C.M. (RIA) 55233; August 19, 1955
*107 Held, petitioner's reinsurance reserve in the amount of $27,701.25, accumulated from June 1, 1938 to May 31, 1945, is properly includible in computing the reinsurance reserve to be deducted from its underwriting income in the year 1945 since, pursuant to the New York Insurance Law, as amended, such sum constitutes unearned premiums within the meaning of section 204(b)(5) of the 1939 Code. Home Title Guaranty Co., 15 T.C. 637 (1950), followed. Henry Halpern, Esq., 26 Court Street, Brooklyn, N. Y., for the petitioner. Ellyne E. Strickland, Esq., for the respondent. RICE
Memorandum Opinion RICE, Judge: This proceeding involves deficiencies in income and excess profits taxes in the respective amounts of $7,256.69 and $491.70 determined by the respondent for the year 1945. The only issue is whether a reserve for reinsurance in the amount of $27,701.25 against premiums received from June 1, 1938 to May 31, 1945, was properly deductible by petitioner as unearned premiums, within the meaning of section 204(b)(5) of the 1939 Code, [1] in computing its income for the year 1945. *108 All of the facts were stipulated, are so found, and are incorporated herein by this reference. At all times here material, petitioner was a New York corporation with its principal office in Brooklyn, New York. It kept its books and filed its tax returns on the accrual basis for the calendar year 1945 with the collector of internal revenue for the first district of New York. Petitioner is engaged in the business of insuring titles to real estate. It is subject to taxation as an insurance company other than a life or mutual insurance company under section 204 of the 1939 Code. Its principal activities consist of examining and insuring titles to real estate. It issues guaranteed searches of title and receives fees for conveyances and surveys, but it does not issue abstracts of title. It receives interest on obligations of the United States which it owns. From June 1, 1938 to May 31, 1945, pursuant to section 434 of the New York Insurance Law, petitioner set up and accumulated a premium reserve in the amount of $27,701.25 on premiums collected by it during that period. No part of this reserve was allowed as a deduction to the petitioner in the determination of its income tax liability *109 for any of the years prior to the taxable year 1945. See City Title Ins. Co. v. Commissioner, 152 Fed. (2d) 859 (C.A. 2, 1946). In 1945, section 434 of the New York Insurance Law was amended by Chapter 635 of the New York Laws of 1945. Such amendment provided that every title insurance company should establish, segregate, and maintain a reinsurance reserve which, for all intents and purposes, should constitute unearned premiums. Such reserve was to consist, among other items, of the reserve required to be established prior to June 1, 1945. Pursuant to such amended law, petitioner established a reserve consisting of the aforementioned $27,701.25 and an additional reserve for the period from June 1 to December 31. 1945, of $4,893.72. On its income tax return for 1945, petitioner deducted such total reserve in the amount of $32,594.97 from its underwriting income. Respondent determined that the amount of $27,701.25 did not constitute a proper deduction and determined the deficiencies herein. He argues on brief that the amount in question did not constitute unearned premiums within the meaning of section 204(b)(5) of the Code. The facts of this case are identical with *110 those before us in Home Title Guaranty Co., 15 T.C. 637 (1950), wherein we held that both the reinsurance reserve accumulated by the taxpayer title company prior to May 31, 1945, as well as the reserve accumulated between that date and December 31, 1945, pursuant to the New York Insurance Law as amended in 1945, represented unearned premiums within the meaning of section 204(b)(5). Our decision in that case is controlling here. See also Early v. Lawyers Title Ins. Corporation, 132 Fed. (2d) 42 (C.A. 4, 1942), and Title & Trust Co., 15 T.C. 510 (1950), affd. 192 Fed. (2d) 934 (C.A. 9, 1951). We decline to follow I.T. 3798, 1946-1 C.B. 127, and Revenue Ruling 151, 1953-2 C.B. 222, which are to the contrary. Decision will be entered for the petitioner. Footnotes
1. SEC. 204. INSURANCE COMPANIES OTHER THAN LIFE OR MUTUAL. * * *
(b) Definition of Income, Etc. - In the case of an insurance company subject to the tax imposed by this section - * * *
(5) Premiums earned. - "Premiums earned on insurance contracts during the taxable year" means an amount computed as follows: From the amount of gross premiums written on insurance contracts during the taxable year, deduct return premiums and premiums paid for reinsurance. To the result so obtained add unearned premiums on outstanding business at the end of the preceding taxable year and deduct unearned premiums on outstanding business at the end of the taxable year. * * *↩